UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

    Plaintiff,

v.

CASE NO. 2:19-CV-12506
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)

Plaintiff Anthony Meeks' filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner who is incarcerated at the Cotton Correctional Facility in Jackson, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, the Court dismisses the civil rights complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. BACKGROUND

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th

Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $50.00 administrative fee, when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A review of federal court records reveals that plaintiff had two prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. The second of those dismissals was appealed by plaintiff to the United States Court of Appeals for the Sixth Circuit, who affirmed the dismissal. *Meeks v. Woods, et. al.,* No. 2:16-cv-174, 2016 WL 6090761 (W.D. Mich. Oct. 19, 2016)(Quist, J.); *Meeks v. McKee, et. al.,* No. 1:05-cv-00172, 2005 WL 1047550 (W.D. Mich. May 4, 2005)(Miles, J.); *aff'd* No. 05-1769 (6th Cir. Dec. 6, 2005).

Plaintiff was subsequently denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, based on these prior actions. *Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL 670080 (E.D. Mich. Feb. 19, 2019).

## II. DISCUSSION

Plaintiff has requested to proceed without prepayment of fees.

28 U.S.C. § 1915(g), however, states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A federal court shall dismiss a case pursuant to 28 U.S.C. § 1915(g), if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). The three strikes provision of the PLRA prohibits a prisoner from proceeding *in forma pauperis* in a civil rights suit unless there is an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D.

Mich. 2003)(Lawson, J.). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States,* 161 F. App'x. 483, 485-86 (6th Cir. 2005).

Plaintiff has two prior civil rights complaints which were dismissed by a federal district court for being frivolous, malicious, or failing to state a claim upon which relief could be granted. Plaintiff appealed the dismissal of his 2005 case to the United States Court of Appeals for the Sixth Circuit, which affirmed the dismissal, ruling that the district court had correctly dismissed plaintiff's complaint because none of plaintiff's issues stated a claim upon which relief could be granted. *Meeks v. McKee, et. al.,* No. 05-1769, pp. 2-5 (6th Cir. Dec. 6, 2005).

An appellate court's affirmance of a district court's dismissal of a prisoner civil action counts as a separate strike, for purposes of 28 U.S.C. § 1915(g), so long as the appellate court implicated § 1915(g) reasons when affirming the district court's dismissal. *See Taylor v. First Med. Mgmt.*, 508 F. App'x. 488, 494 (6th Cir. 2012). This includes cases where the appellate court finds a prisoner's action to be frivolous but "erroneously styles its

dismissal as an affirmance." *Id.,* p. 495, n. 5.   Other circuit courts have also held that a district court's dismissal of a complaint for being frivolous, malicious, or for failing to state a claim upon which relief can be granted and the subsequent affirmance of that dismissal on appeal count as two separate strikes under § 1915(g), if the appellate court based its decision on the grounds contained in § 1915(g). *See Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997)(per curiam); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997)(per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

The United States Supreme Court has yet to explicitly hold that an appeal from the dismissal of a civil rights case counts as a separate strike, for purposes of 28 U.S.C. § 1915(g), but that Court's language and reasoning on a similar issue strongly suggests that a district court's dismissal of a prisoner complaint for being frivolous, malicious, or for failing to state a claim and a court of appeals' subsequent affirmance of that dismissal should count as separate strikes, for purposes of § 1915(g).  In *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015), the Supreme Court held that a district court's prior dismissal of a prisoner complaint on a statutorily

dismissal as an affirmance." *Id.,* p. 495, n. 5.   Other circuit courts have also held that a district court's dismissal of a complaint for being frivolous, malicious, or for failing to state a claim upon which relief can be granted and the subsequent affirmance of that dismissal on appeal count as two separate strikes under § 1915(g), if the appellate court based its decision on the grounds contained in § 1915(g). *See Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997)(per curiam); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997)(per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

The United States Supreme Court has yet to explicitly hold that an appeal from the dismissal of a civil rights case counts as a separate strike, for purposes of 28 U.S.C. § 1915(g), but that Court's language and reasoning on a similar issue strongly suggests that a district court's dismissal of a prisoner complaint for being frivolous, malicious, or for failing to state a claim and a court of appeals' subsequent affirmance of that dismissal should count as separate strikes, for purposes of § 1915(g).  In *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015), the Supreme Court held that a district court's prior dismissal of a prisoner complaint on a statutorily

enumerated ground counts as a strike even if the dismissal is the subject of an appeal. *Id.* at 1763. The Supreme Court rejected the notion that the prior dismissal does not count as a strike while an appeal from that dismissal is pending. *Id.* The Supreme Court repudiated the notion that the language "prior occasion," in the context of 28 U.S.C. § 1915(g), included both a dismissal of a complaint on an enumerated ground and any subsequent appeal. *Id.* The Supreme Court observed, "Linguistically speaking, we see nothing about the phrase 'prior occasions' [within the language of § 1915(g)] that would transform a dismissal into a dismissal-plus-appellate-review. An 'occasion' is 'a particular occurrence,' a 'happening,' or an 'incident.'" *Id.* (Quoting Webster's Third New International Dictionary 1560 (3d ed. 1993)). The Supreme Court also observed that "The *in forma pauperis* statute repeatedly treats the trial and appellate stages of litigation as distinct." *Id.* The Supreme Court concluded that the screening provisions for prisoner complaints contained in 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) "reflect a congressional focus upon trial court dismissal as an important separate element of the statutory scheme....We have found nothing in these provisions indicating that Congress considered a trial court dismissal and an appellate court decision

as if they were a single entity—or that Congress intended the former to take effect only when affirmed by the latter." *Id.* at 1764.

Plaintiff's 2005 case counts as two separate strikes. Coupled with the 2016 case, plaintiff is precluded under § 1915(g) from proceeding *in forma pauperis*.

Moreover, plaintiff did not allege any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his three prior strikes. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002).

Plaintiff's civil rights complaint shall be dismissed without prejudice pursuant to § 1915(g). Plaintiff, may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Plaintiff's three strikes under § 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court refuses to certify that any appeal from this dismissal would be in good faith.

### III.  ORDER

**IT IS HEREBY ORDERED** that:

(1): Plaintiff Anthony Meeks' *in forma pauperis* status is **DENIED** and the complaint [dkt # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

(2) **IT IS CERTIFIED** that any appeal taken by plaintiff would not be done in good faith.

Dated:  August 30, 2019

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 30, 2019, by electronic and/or ordinary mail and also on Anthony Meeks #176401, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk