UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

    Plaintiff,

v.

CASE NO. 2:19-CV-12506
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants,
_____/

**OPINION AND ORDER AND ORDER DENYING**
**THE MOTION FOR RECONSIDERATION (ECF No. 14)**

Plaintiff Anthony Meeks filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed without prejudice on August 31, 2020 against defendants Michigan Department of Corrections, Heidi Washington, S. Campbell, Officer Monroe, and Sergeant Muhr. The Court transferred the remainder of the complaint to the United States District Court for the Western District of Michigan for further proceedings because venue for the remaining claims was not proper in this district. A file has now been opened up in the Western District under Case No. 1:20-cv-00839 (W.D. Mich.). Plaintiff filed objections to this Court's order of partial dismissal and transfer, which the Court construed as a motion for reconsideration and denied. (ECF No. 13). Plaintiff has filed a second motion for reconsideration. For the reasons that follow, the motion is DENIED.

1

Plaintiff is not entitled to reconsideration of the Court's opinion and order of summary dismissal or the Court's August 31, 2020 order because the motion for reconsideration is untimely.

E.D. Mich. L.R. 7.1(h)(1) states that: "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." *Id.*

Plaintiff signed and dated his motion for reconsideration on October 5, 2020. Absent evidence to the contrary, a federal court will assume, pursuant to the "prison mailbox rule," that a prisoner gave his pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). The Court is therefore willing to apply the prison mailbox rule in determining whether plaintiff's motion for reconsideration was filed within the time limit for filing such a motion. *See e.g. Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). The court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004). However, even giving plaintiff the benefit of the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, plaintiff's motion for reconsideration was due no later than September 22, 2020

with respect to the court's partial dismissal order from August 31, 2020. The motion for reconsideration was filed on October 5, 2020 and is therefore untimely.

A district court is without power to enlarge the time for making motions for reconsideration of their orders. *Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). The Court denies the motion because it is untimely.

The Court denies plaintiff's motion for a second reason. Plaintiff is asking this Court to reconsider its earlier dismissal order. Plaintiff has already filed a motion for reconsideration, which the Court denied. A litigant is not entitled to file multiple subsequent motions for reconsideration once a district court has issued an order denying the initial motion for reconsideration. *See Hawkins v. Czarnecki*, 21 F. App'x. 319, 320 (6th Cir. 2001). This Court has already denied plaintiff's first motion for reconsideration. Nothing in the court rules entitles plaintiff to file multiple motions for reconsideration. *Id.*

**IT IS ORDERED** that the motion for reconsideration (ECF No. 14) is **DENIED.**

Dated:  October 21, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
United States District Judge